UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00458 |
| | ) | |
| QUITE LOGISTICS, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL AGAINST DEFENDANT SECURITAS SECURITY SERVICES USA, INC**

COMES NOW, Plaintiff Antoine Cooper, by and through undersigned counsel, in accordance with Federal Rules of Civil Procedure 26(b)(4)(E) and 37(a), motions to this Honorable Court to Compel Defendant Securitas Security Services USA, Inc. to pay Plaintiff's expert Steven T. Baker, CPP, PSP, PCI for his time spent during his deposition. Plaintiff's Motion states to the Court as follows:

**Rule 37(a)(1) Certification**

As shown below, Plaintiff Antoine Cooper, by and through undersigned counsel, certifies that he has attempted to confer with opposing counsel in good faith in an effort to resolve the issues raised in this Motion, without success.

## Factual Allegations and Argument

1. On April 20, 2026, Plaintiff's Expert Steven T. Baker was deposed at the request of Defendants Quiet Logistics Inc. and Securitas Security Services USA (hereinafter "Securitas").
2. After the deposition could not be completed in one afternoon, it was completed on May 21, 2026.
3. Mr. Baker was charging for his time away from his business in order to participate in the deposition. Because the depositions were taken at the joint request of Defendants, in accordance with Fed. R. Civ. P. 26(b)(4)(E), Defendants agreed to split the cost.
4. Defendant Quiet Logistics has since paid its portion of the depositions to Steven Baker.
5. However, to this day, after numerous requests, Defendant Securitas' portion remains unpaid.
6. On May 26, 2026, an invoice was forwarded to Counsel for Securitas requesting payment be made directly to Mr. Baker. Plaintiff's Ex. 1.
7. On August 20, 2026, Mr. Baker informed Plaintiff's Counsel that Defendant Securitas has not paid for their apportionment of Mr. Baker's depositions. Plaintiff's Ex. 2.
8. That same day, the office of Plaintiff's Counsel reached out to Counsel for Defendant Securitas requesting that payment be made to Mr. Baker. No response was afforded nor payment made. Plaintiff's Ex. 1.

9. On September 2, 2026, counsel for Plaintiff was again informed that no payment was made. Plaintiff's Ex. 2.

10. On September 16, 2026, Counsel for Plaintiff spoke with counsel for Defendant Securitas who stated he would promptly issue a check.

11. Yet, on October 1, 2026, Counsel for Plaintiff was once again informed no payment was made. Plaintiff's Ex. 2.

12. On October 5, 2026, Counsel for Plaintiff reached out to Counsel for Defendant Securitas, but Defense Counsel has failed to respond. Plaintiff's Ex. 1.

13. To date, the invoice for Defendant Securitas portion of Mr. Baker's deposition is 172 days overdue.

14. Plaintiff request that this Honorable Court Compel Counsel for Defendant Securitas to pay the invoice for Mr. Baker's deposition within seven (7) days.

WHEREFORE, Plaintiff respectfully requests this Court Compel Defendant Securitas to furnish payment for its portion of Steven T. Baker's deposition with seven (7) days and for all other and further relief this Court deems just and proper under the circumstances.

**GOLDBLATT + SINGER**

***/s/ Shaun M. Falvey***
**SHAUN M. FALVEY #55294**
**sfalvey@stlinjurylaw.com**
**DOMINIC R. MORO #78114**
**dmoro@stlinjurylaw.com**
**8182 Maryland Ave., Ste. 801**
**St. Louis, MO 63105**
**(314) 231-4100**
**(314) 241-5078 - fax**

***ATTORNEYS FOR PLAINTIFF***